UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONNA MCCALL,

    Plaintiff,

v.                                                        Case No.: 8:14-cv-1842-T-23MAP

PIERO A. BUGONI,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

After Plaintiff filed this eviction action in state court, the Defendant removed it here (docs. 1, 3). Defendant's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915 is referred to me. In deciding whether to grant the Defendant's motion, I must determine whether there is a factual and legal basis for the action, however inartfully pleaded. *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) *cert. den'd*, 503 U.S. 921 (1992). Critical to this analysis is whether the claims asserted are within the limited jurisdiction of this federal district court. *Cogdell v. Wyeth,* 366 F.3d 1245, 1247-48 (11th Cir. 2004). Because I find this Court lacks jurisdiction, I recommend that the Plaintiff's motion to proceed *in forma pauperis* be DENIED.

    *A. Standard of Review*

Section 1915 represents a balance between facilitating an indigent person's access to the courts and curbing the potentially vast number of suits by such persons, who, unlike those who must pay in order to litigate their claims, have no economic disincentives to filing frivolous or malicious suits once *in forma pauperis* status is granted. A district court may conclude a case has little or no chance of success and dismiss the complaint when it determines from the face of the complaint that

the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Part of this inquiry is whether the claims are proper for adjudication in federal court.

Unlike the liberal pleading rules dealing with complaints, the removal statutes are narrowly construed and any uncertainties about jurisdiction are resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108 (1941). This view promotes the principle that federal courts are courts of limited jurisdiction. *Burns,* 31 F.3d at 1095. Whether federal question jurisdiction exists "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] counterclaim ... cannot serve as the basis for 'arising under' jurisdiction." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.,* 535 U.S. 826, 831 (2002).

   *B. Discussion*

Plaintiff's complaint, filed in the Thirteenth Judicial Circuit of the State of Florida on June 11, 2014, alleges an action to evict Defendant, her tenant, from real property located at 106 West Osborne Avenue, Tampa, Florida (doc. 3). Although the particular course of the state court action is unclear, on July 30, 2014, the Defendant filed a thirty-nine page "motion for summary dismissal with prejudice and amended counterclaim" which sought to remove the action to federal court (doc. 1-1). On that same date, the Defendant filed his notice of removal in this Court and a motion to proceed *in forma pauperis* (docs. 1-2). The notice of removal states that the Defendant seeks removal pursuant to 28 U.S.C. §1441 because Plaintiff "has plead Federal Issues on the face of her

complaint." The Defendant also asserts that his counterclaims include "violations of Federal Law" (doc. 1).

Examining Plaintiff's complaint filed in state court, it appears that the Plaintiff relied exclusively upon state law in filing her action for eviction. Defendant's counterclaims are difficult to decipher, but even assuming the counterclaims include federal defenses or federal counterclaims, a case may not be removed to federal court on the basis of a federal defense or on the basis of a federal counterclaim.[1] *See Caterpillar, supra,* 482 U.S. at 393; *Vornado, supra,* 535 U.S. at 831. Absent a federal question presented on the face of the Plaintiff's complaint or evidence that warrants an exception to the application of the well-pleaded complaint rule, the Defendant cannot properly remove this action to federal court on the basis of federal question jurisdiction. *Caterpilar,* 482 U.S. at 393.[2] Accordingly, it is

RECOMMENDED:

---

[1] Defendant asserts four "counterclaims" against seven individual Tampa Police Department officers, Tampa Police Chief Castor, and Google. Count one alleges that the officers committed crimes against him and seeks criminal prosecution against them; count two alleges the officers aided and abetted Plaintiff and violated Defendant's equal protection rights by refusing to charge Plaintiff with trespass; count three alleges Chief Castor is liable under a theory of respondeat superior for the acts of the individual officers; and count four alleges Google caused Defendant a lost business opportunity valued at $110,000 and demands that Google cease and desist its "mugshot websites." *See* doc. 1-1, pp. 30-33.

[2] Although the Defendant does not allege diversity jurisdiction, I find no basis for diversity jurisdiction as the contract executed by the parties indicates that the Plaintiff's address is 2901 99th Avenue, Tampa, Florida and the Defendant's address is 160 West Camino Real #191, Boca Raton, Florida (doc. 1-1, p. 11), and the Plaintiff's complaint for eviction arises from residential property located at 106 West Osborne Avenue, Tampa, Florida (doc. 3).

1.      Plaintiff's motion to proceed *in forma pauperis* (doc. 2) be **DENIED**.

IT IS SO REPORTED at Tampa, Florida, on this 21st day of August, 2014.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).